## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

CANDICE COLLUM on behalf of )
M.L.S., a minor, )
                                 )
               Plaintiff, )
                                 )
v. )   Case No. CIV-13-436-RAW-KEW
                                 )
CAROLYN W. COLVIN, Acting )
Commissioner of Social )
Security Administration, )
                                 )
               Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Candice Collum ("Plaintiff"), on behalf of the minor child, M.L.S. ("Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Plaintiff appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

## Social Security Law and Standard of Review

Disability for persons under the age of 18 is defined by the Social Security Act as the "a medically determinable physical or mental impairment or combination of impairments that causes marked

and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.906. Social Security regulations implement a three-step sequential process to evaluate a claim for Child's Supplemental Security Income Benefits under Title XVI of the Social Security Act. *See*, 20 C.F.R. § 416.924.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its

---

[1] At step one, a child will not be deemed disabled if he is working and such work constitutes substantial gainful activity. The regulations require the claimant to establish that he is not engaged in substantial gainful activity. At step two, a child will not be found disabled if he does not suffer from a medically determinable impairment that is severe. At step three, a child's impairment must meet a listing and must meet the duration requirement of 12 months. 20 C.F.R. § 416.924(b), (c) and (d).

discretion for that of the agency.  <u>Casias v. Secretary of Health</u> <u>& Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991).  Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on May 18, 2000 and was 11 years old when she filed for disability benefits and 12 years old on the date the ALJ issued his decision.  Claimant is alleged to have become disabled due to dysthymic, intermittent explosive oppositional defiant disorder, pervasive developmental disorder, and psychotic disorder.

## Procedural History

On January 25, 2011, Claimant, through Plaintiff, protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (42 U.S.C. § 1381 *et seq.*).  Claimant's application for benefits was denied in its entirety initially and on reconsideration.  On April 26, 2012, Plaintiff appeared at an administrative hearing before Administrative Law Judge David Gutierrez (the "ALJ").  The ALJ issued an unfavorable decision on June 7, 2012.  On July 25, 2013, the Appeals Council denied review

of the ALJ's findings.  Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step three of the sequential evaluation.  He determined that Claimant's condition did not meet a listing and she had not been under a disability during the relevant period.

### Review

Plaintiff asserts the ALJ committed error in (1) concluding Claimant suffers only a less than marked limitation in the domain of Acquiring and Using Information; and (2) concluding Claimant had only a less than marked limitation in the Caring for Yourself domain.

### The Step Three Analysis

In his decision, the ALJ determined Claimant suffered from the severe impairments of oppositional defiant disorder, dysthymic disorder, anxiety disorder, psychotic disorder, and intermittent explosive disorder.  (Tr. 19).  The ALJ also determined Claimant did not meet a listing or the equivalency of a listing, singly or in combination of his impairments.  (Tr. 19-20).  The ALJ analyzed the six domains of functioning in light of Claimant's severe

impairments. He concluded Claimant had less than marked limitation in the areas of acquiring and using information, interacting and relating to others, and caring for yourself. He found no limitations in the areas of moving about and manipulating objects and health and physical well-being. The ALJ also concluded Claimant had marked limitations in the area of attending and completing tasks. (Tr. 23-29).

Plaintiff contends the ALJ should have found Claimant's ability to acquire and use information to be more impaired in light of the questionnaires completed by Claimant's teachers. Plaintiff also suggests that the ALJ's analysis in finding the consultative examiner's opinion persuasive was flawed.

To functionally equal a listing, a claimant's impairment or combination of impairments must result in "marked" limitations in at least two of the six domains of functioning, or in "extreme" limitation in at least one domain. 20 C.F.R. §§ 416.926a(a), (g)-(l). Claimant underwent a cognitive and educational evaluation in February of 2011 by Jamie Baughman, a psychometrist. Claimant's cognitive abilities were rated in the average range in the areas of Spatial Relations, Verbal Comprehension, and Sound Blending. Claimant's Concept Formation testing was average to low average, Visual-Auditory Learning which includes the ability to learn, store, and retrieve a series of visual-auditory associations was limited

to average, memory testing was in the low or limited to average range, Cognitive Efficiency which is an index of Claimant's ability to process information automatically was in the low range,. Claimant's overall intellectual ability was found to be low average. (Tr. 221-23). Clearly, Claimant's scores in broad mathematics, math calculation skills, and brief mathematics were significantly lower than predicted. (Tr. 224).

On April 11, 2011, Claimant also underwent a Mental Status Examination by Dr. Kathleen Ward. Claimant's thought processes were logical and organized, her speech was spontaneous, and no bizarre thought content was noted. (Tr. 234). Claimant's intellectual abilities were estimated to be somewhat low. Dr. Ward noted some minor and age-appropriate deficits in social judgment and problem solving. Dr. Ward diagnosed Claimant with Mood Disorder, NOS and ADHD. (Tr. 235).

On April 15, 2011, Dr. Sally Varghese completed an Assessment of Functioning Throughout Sequential Evaluation form on Claimant. She concluded that Claimant had a less than marked limitation in the areas of Acquiring and Using Information, Interacting and Relating With Others, and Caring for Yourself. She also found no limitations in the areas of Moving About and Manipulating Objects and Health and Physical Well-Being. Marked limitation was found in the area of Attending and Completing Tasks. (Tr. 238-39).

Several of Claimant's teachers completed questionnaires on Claimant's classroom abilities. Gwen Brunson, Claimant's language arts and social studies teacher, found little limitation in the area of Acquiring and Using Information except in the one skill of applying problem solving skills in class discussions. (Tr. 123). In the domain of Caring for Yourself, Ms. Brunson found Claimant did not handle frustration well and that she gets very emotional and angry. (Tr. 127). However, the remaining areas within this domain were less than a very serious problem. Id.

On April 15, 2011, Claimant's special education teacher responsible for math, Sheila Vinson, also completed a teacher questionnaire. She found problems in Claimant's ability to understand and do math problems and retention and problem solving skills. (Tr. 146). Ms. Vinson did not find any serious or very serious problems in the Caring for Yourself domain. (Tr. 150). Similar findings were made by special education teacher Stephen Giacamo in his questionnaire. (Tr. 187-94).

In order to have a marked impairment in the Acquiring and Using Information domain, the regulations require the following for a person in Claimant's age range:

> (h) Attending and completing tasks. In this domain, we consider how well you are able to focus and maintain your attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform activities and the ease with which you change them.

(1) General.

(i) Attention involves regulating your levels of alertness and initiating and maintaining concentration. It involves the ability to filter out distractions and to remain focused on an activity or task at a consistent level of performance. This means focusing long enough to initiate and complete an activity or task, and changing focus once it is completed. It also means that if you lose or change your focus in the middle of a task, you are able to return to the task without other people having to remind you frequently to finish it.

(ii) Adequate attention is needed to maintain physical and mental effort and concentration on an activity or task. Adequate attention permits you to think and reflect before starting or deciding to stop an activity. In other words, you are able to look ahead and predict the possible outcomes of your actions before you act. Focusing your attention allows you to attempt tasks at an appropriate pace. It also helps you determine the time needed to finish a task within an appropriate timeframe.

(2) Age group descriptors-

\* \* \*

(iv) School-age children (age 6 to attainment of age 12). When you are of school age, you should be able to focus your attention in a variety of situations in order to follow directions, remember and organize your school materials, and complete classroom and homework assignments. You should be able to concentrate on details and not make careless mistakes in your work (beyond what would be expected in other children your age who do not have impairments). You should be able to change your activities or routines without distracting yourself or others, and stay on task and in place when appropriate. You should be able to sustain your attention well enough to participate in group sports, read by yourself, and complete family chores. You should also be able to complete a transition task (e.g., be ready for the school bus, change clothes after gym, change classrooms) without extra reminders and accommodation.

20 C.F.R. § 416.926a(h).

In this area, this Court cannot conclude that the ALJ erred in his assessment of Claimant's ability to Acquire and Use Information. Substantial evidence supports his conclusion that Claimant experienced less than a marked limitation in this area given the assessments by the mental health professionals. The teacher questionnaires, while persuasive that Claimant indeed has low to low average abilities in many areas, do not definitively establish Claimant's marked limitation in this area. This Court agrees with Defendant that Plaintiff is requesting that the evidence be reweighed in large measure – a standard not available on review. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991).

Similarly, this Court finds no error in the ALJ's assessment of the domain of Caring for Yourself. Again, the evidence of record does not support a finding of marked limitation in this area. The regulations require

> (k) Caring for yourself. In this domain, we consider how well you maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area.

> (1) General.

> (i) Caring for yourself effectively, which includes regulating yourself, depends upon your ability to respond to changes in your emotions and the daily demands of your environment to help yourself and cooperate with others in

taking care of your personal needs, health and safety. It is characterized by a sense of independence and competence. The effort to become independent and competent should be observable throughout your childhood.

(ii) Caring for yourself effectively means becoming increasingly independent in making and following your own decisions. This entails relying on your own abilities and skills, and displaying consistent judgment about the consequences of caring for yourself. As you mature, using and testing your own judgment helps you develop confidence in your independence and competence. Caring for yourself includes using your independence and competence to meet your physical needs, such as feeding, dressing, toileting, and bathing, appropriately for your age.

(iii) Caring for yourself effectively requires you to have a basic understanding of your body, including its normal functioning, and of your physical and emotional needs. To meet these needs successfully, you must employ effective coping strategies, appropriate to your age, to identify and regulate your feelings, thoughts, urges, and intentions. Such strategies are based on taking responsibility for getting your needs met in an appropriate and satisfactory manner.

(iv) Caring for yourself means recognizing when you are ill, following recommended treatment, taking medication as prescribed, following safety rules, responding to your circumstances in safe and appropriate ways, making decisions that do not endanger yourself, and knowing when to ask for help from others.

(2) Age group descriptors—

* * *

(iv) School-age children (age 6 to attainment of age 12). You should be independent in most day-to-day activities (e.g., dressing yourself, bathing yourself), although you may still need to be reminded sometimes to do these routinely. You should begin to recognize that you are competent in doing some activities and that you have difficulty with others. You should be able to identify

those circumstances when you feel good about yourself and
when you feel bad. You should begin to develop
understanding of what is right and wrong, and what is
acceptable and unacceptable behavior. You should begin to
demonstrate consistent control over your behavior, and
you should be able to avoid behaviors that are unsafe or
otherwise not good for you. You should begin to imitate
more of the behavior of adults you know.

20 C.F.R. § 416.926a(k).

Again, nothing in the teacher questionnaires suggests that the
ALJ's decision in this domain was not supported by substantial
evidence in light of the required analysis contained in the
regulations.

## Conclusion

Based upon the foregoing, the undersigned Magistrate Judge
finds the decision of the Commissioner is supported by substantial
evidence and the correct legal standards were applied. Therefore,
the Magistrate Judge respectfully recommends the ruling of the
Commissioner of Social Security Administration be **AFFIRMED**.

The parties are herewith given fourteen (14) days from the date
of the service of this Report and Recommendation to file with the
Clerk of the court any objections, with supporting brief. Failure
to object to the Report and Recommendation within fourteen (14) days
will preclude appellate review of the judgment of the District Court
based on such findings.

DATED this 13th day of February, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE